# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 2673 | DATE | 5/18/2001 |
| CASE TITLE | CHESTER BROST (B-62561) vs. KENNETH BRILEY, WARDEN | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  The petition for writ of habeas corpus is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 2 1 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| EF | courtroom deputy's initials | FILED FOR DOCKETING 01 MAY 18 AM 11: 33 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States ex rel. )
)
CHESTER BROST (B-62561) )
)
Petitioner, ) No. 2001 C 2673
)
v. )
) Judge Charles R. Norgle
KENNETH BRILEY, Warden )
)
Respondent.[1] )

## MEMORANDUM OPINION AND ORDER

Petitioner Chester Brost, represented by counsel, has filed this petition for writ of habeas corpus challenging his conviction by the Circuit Court of Cook County of robbery, aggravated kidnapping and three counts of aggravated criminal sexual assault, for which he was sentenced to a total of 105 years' imprisonment. For the following reasons, the court finds the petition barred by 28 U.S.C. § 2244(d). The court will therefore neither address the merits of the petition nor order a response.[2]

## STATE COURT PROCEEDINGS

Brost was convicted on January 4, 1995. The Illinois Appellate Court affirmed Brost's convictions on March 1, 1996, and the Illinois Supreme Court denied leave to appeal on June 4, 1996. In 1996, the Illinois Post-Conviction Act set the limitation period for filing a post-conviction petition as follows:

---

[1] Although the petition also lists the Attorney General of Illinois as a respondent, as the petitioner is in custody the only proper respondent is the warden of the institution in which he is confined. The clerk is directed to dismiss the Attorney General as respondent.

[2] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the court to conduct an initial review of habeas corpus petitions. The court may summarily dismiss a petition without examining the state court record or ordering a response if it plainly appears from the face of the petition and its exhibits that the petitioner is not entitled to relief. *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).



> No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant's brief with the Illinois Supreme Court if no brief is filed) or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence.

725 ILCS 5/122-1(c). Unless he could show a lack of "culpable negligence," Brost had to file any post-conviction petition on or before December 4, 1996, six months after the Illinois Supreme Court denied leave to appeal.

On November 4, 1996 Brost mailed a document captioned "Motion To Toll Post-Conviction Limitation Statute And For Appointment Of Counsel." Exhs. at A-2-6.[3] The motion explained that Stateville had been "on lock-down status," making it nearly impossible for him to use the law library. He stated that he doubted that he could file a post-conviction petition on time, and asked that the time limit for filing a petition be tolled. He also asked that counsel be appointed to assist him. The motion, prepared with the assistance of another inmate, did not mention any claim Brost intended to raise.

On January 8, 1997, after the limitations period had run, Judge Thomas A. Hett of the Circuit Court of Cook County denied the motion to toll the limitations period, stating, "there is no statute that allows the Court -- to allow the Court to total [sic] requirements in this case." Exhs. at D-1-4. Nevertheless, on February 20, 1997, Brost filed a post-conviction petition with exhibits. Exhs. B-1-159. On April 23, 1997, Judge Hett denied the petition as untimely, finding that inmates at Stateville were given access to legal services and materials, and that Brost's late filing was not excused by a lack of culpable negligence. Exhs. E-1-5. Brost filed a motion for reconsideration, which Judge Hett denied without comment on June 11, 1997. Exhs. F-1-2. Brost filed a notice of appeal July 2, 1997. Exhs. C-24.

Counsel was appointed for Brost in the appeal of the denial of his post-conviction petition, but Brost asserts that his counsel's presentation was ineffective. Brost hired private counsel, but

---

[3] Brost's counsel has furnished an idiosyncratically lettered and numbered appendix of exhibits, in which a letter may designate more than one document.

2

the Illinois Appellate Court denied his new attorney permission to file a supplemental brief six days past the due date. Brost's new counsel attacked the refusal as abusive, but the Appellate Court did not reconsider, nor did the Illinois Supreme Court grant a writ of mandamus compelling the Appellate Court to accept the late brief. Exhs. I, J, K, L. The Illinois Appellate Court rejected Brost's appeal, and the Illinois Supreme Court denied leave to appeal December 1, 1999, Exhs. N, and the United States Supreme Court denied certiorari April 17, 2000.

**TIMELINESS**

In 1996 Congress imposed a one-year limitations period for petitions for habeas corpus challenging state criminal convictions. The one-year period normally begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here that date was September 3, 1996, when the 90-day period for seeking certiorari from the United States Supreme Court expired. The one-year limitations period is interrupted during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But "properly filed" is critical; a petition that is untimely under state law is not "properly filed" and does not stop the clock. *Artuz v. Bennett*, --- U.S. ----, 121 S.Ct. 361, 364 & n. 2, 148 L.Ed.2d 213 (Nov. 7, 2000); *Freeman v. Page*, 208 F.3d 572 (7th Cir. 2000).

The Circuit Court of Cook County denied Brost's post-conviction petition as untimely, and that holding was affirmed on appeal. However mistaken or unfair it may appear, that determination is binding on this court. The Seventh Circuit has held that "whether a petition is 'properly filed' depends on state law, so that if a state court accepts and entertains it on the merits it has been 'properly filed' but that if the state court rejects it as procedurally irregular it has not been 'properly filed.'" *Fernandez v. Sternes*, 227 F.3d 977, 978 (7th Cir. 2000) (citing *Freeman*).

The facts of *Freeman* closely resemble this case. The plaintiff had filed his post-conviction petition late, but claimed this was not due to culpable negligence because Stateville Correctional Center "was on lock-down for a substantial period of time prior to and after July 1, 1995," the date

3

a shortened limitations period for post-conviction relief went into effect. *Freeman*, 208 F.3d at 575. The Illinois courts found this excuse did not negate "culpable negligence," and the Court of Appeals held that this was a determination of state law binding on federal courts. *Id.* at 576. Since Brost's untimely post-conviction petition did not toll the running of the limitations period, it expired September 3, 1997, more than three years before this petition was filed.

Even if Brost's post-conviction petition *had* tolled the limitations period, his habeas petition would be untimely. Between September 3, 1996, when the period began to run, and February 20, 1997, when the petition was filed, 240 days elapsed. After the Illinois Supreme Court denied leave to appeal on December 1, 1999, the petition was no longer "pending" and the clock would have begun to run again, to run out on or about April 6, 2000.[4] And even if it were considered "pending" until the United States Supreme Court denied certiorari on April 17, 2000, this petition would still be late; counting the 240 days that had passed before the post-conviction petition was filed, Brost's time would have expired on or about August 20, 2000.[5] Brost's counsel filed this petition on April 16, 2001, apparently believing he had a year following the U.S. Supreme Court's denial of his petition for certiorari.

## APPRENDI CLAIM

Brost's counsel also throws in -- a kinder expression is unwarranted -- a claim under *Apprendi v. New Jersey*, ---- U.S. ----, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi* held that any fact other than a prior conviction that increases the penalty for a crime beyond the

---

[4] The date is "on or about" because the court is uncertain whether a period of a year ending in a leap year should be counted as 365 or 366 days. The Seventh Circuit has not yet decided whether a pending petition for certiorari is "a properly filed application for State post-conviction or other collateral review" that tolls the limitations period. *Gutierrez v. Schomig*, 233 F.3d 490, 492 (7th Cir. 2000). Other circuits have uniformly held it is not. *See Bunney v. Mitchell*, 241 F.3d 1151, 1156 (9th Cir. 2001); *Isham v. Randle*, 226 F.3d 691, 695 (6th Cir. 2000), *cert. denied*, 121 S.Ct. 1211 (2001); *Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000), *cert. denied*, 121 S.Ct. 1129, 148 L.Ed.2d 995 (2001); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000); *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999), *cert. denied*, 528 U.S. 1084 (2000). This court believes the Seventh Circuit would agree that seeking certiorari by the United States Supreme Court is not a form of "State ... review."

[5] Brost filed a second post-conviction petition on September 19, 2000, that *was* deemed timely filed because based on a claim that the statute under which he was sentenced was unconstitutional. See Exhs. P. By then the federal limitations period had run under any computation.

4

prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. It appears Brost's argument is that under 730 ILCS 5/5-8-4(a) consecutive sentences for the three aggravated sexual assaults would have been mandated only if they had been found to have been "committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective," and that the jury, rather than the sentencing judge, should have determined that these facts existed.

Different panels of the Illinois Appellate Court have disagreed on whether the holding of *Apprendi* reaches a determination that sentences shall be served consecutively where the individual sentences are not enhanced. *See People v. Lucas*, 2001 WL 286422 (Ill App. 1st Dist., March 21, 2001)(summarizing conflicting opinions). There is also disagreement as to whether *Apprendi* claims are cognizable on collateral review. *See People v. Jones*, 2001 WL 314750 (Ill. App. 1st Dist., March 30, 2001). These questions await resolution by the Illinois Supreme Court, and perhaps the United States Supreme Court, and will determine the ultimate fate of Brost's second post-conviction petition.

Nevertheless, in this court Brost's *Apprendi* claim is dead in the water. Not only could this court grant no relief because it has manifestly not been appealed to the highest Illinois court. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). It is also barred by the one-year limitations period of 28 U.S.C. § 2244(d). The statute provides that the limitations period for a habeas claim asserting a new constitutional right recognized by the Supreme Court begins to run on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). The Supreme Court has not declared *Apprendi* applicable to cases on collateral review. The Seventh Circuit has made clear that until it does, lower courts may not jump the gun and find that retroactivity is implied. *Talbott v. Indiana*, 226 F.3d 866 (7th Cir. 2000). Until then, Brost's *Apprendi* claim, like his other claims, is barred by 28 U.S.C. § 2244(d). The petition for writ of habeas corpus is accordingly dismissed.

5

This dismissal may not be appealed unless this court or the Court of Appeals issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). If Brost seeks a certificate of appealability from this court, Brost should explain why "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

IT IS SO ORDERED.

Charles R. Norgle, Judge
United States District Court

DATED: 5-18-01